## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4841** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                          **June 3, 2024**

Pro se Plaintiff Rafiyq Davis brings this civil action alleging constitutional violations in connection with his 2009 criminal conviction and 2015 revocation of probation. Davis seeks to proceed in forma pauperis. For the following reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint.

## I.       FACTUAL ALLEGATIONS[1]

Davis names twenty-five Defendants in his Complaint.[2] He alleges an assortment of claims related to his conviction and sentence for firearms offenses and subsequent probation violation and

---

[1] Page numbers refer to those supplied by the CM/ECF docketing system.

[2] Davis names the following Defendants: (1) City of Philadelphia; (2) State of Pennsylvania; (3) Pennsylvania Department of Corrections; (4) Philadelphia Adult Probation and Parole; (5) Pennsylvania Adult Probation and Parole; (6) Superior Courts of Pennsylvania; (7) Supreme Courts of Pennsylvania; (8) United States of America; (9) North America; (10) the Juanita Kidd Center for Criminal Justice; (11) State Correctional Institute Rockview; (12) State Correctional Institute Camp Hill; (13) State Correctional Institute Graterford; (14) Commonwealth of Pennsylvania; (15) David Rudenstein; (16) State Correctional Institution – Coal Township; (17) Judge Frank Palumbo; (18) Judge Scott DiClaudio; (19) Judge Ellen Ceisler; (20) House of Corrections; (21) Curran Fromhold Correctional Facility; (22) PA Probation and Parole Officer Jane Doe; (23) DRC Guardenzia; (24) the IRS; and (25) Probation Officer Monica Robinson. (Compl. at 2-6.)

PCRA proceedings. The public record reflects that on March 20, 2009, Davis was sentenced to three to six years of incarceration, followed by four years of probation. See Commonwealth v. Davis, No. CP-51-CR-0009574-2008 (C.P. Phila.); see also Commonwealth v. Davis, 2016 WL 5266562, at *1 (Pa. Super. Ct. July 20, 2016). After a state court judge found that Davis violated his probation in July of 2015, Davis was sentenced to an additional six to twenty-four months of incarceration, followed by four years of probation. Davis, 2016 WL 5266562, at *1.[3] At the probation revocation hearing, the "court was informed that [Davis] had given positive urinalysis for marijuana on all four of his tests since his last violation hearing" and was further informed that Davis "smirked and laughed at his probation officer when she confronted him about his inconsistent attendance at Gaudenzia drug treatment, telling her that he had better things to do." Id.

Davis unsuccessfully petitioned for post-conviction relief on more than one occasion. Davis, No. CP-51-CR-0009574-2008. His federal habeas petition, in which he claimed that he was "entitled to 142 days of credit from a prior sentence toward his parole revocation sentence," was denied without prejudice due to his failure to exhaust state remedies. Davis v. Pennsylvania Dep't of Corr., No. 17-cv-846, 2017 WL 6887003, at *2 (E.D. Pa. Dec. 13, 2017), report and recommendation adopted, 2018 WL 355149 (Jan. 9, 2018). Davis's most recent post-conviction petition was denied on July 27, 2023. Davis, No. CP-51-CR-0009574-2008. His appeal of that

---

[3] I take judicial notice of the public docket for Davis's underlying criminal proceeding and post-conviction proceedings, including any judicial opinions issued in connection with those proceedings. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006); In re Congoleum Corp., 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

denial is currently pending before the Pennsylvania Superior Court. <u>Commonwealth v. Davis</u>, 2446 EDA 2023 (Pa. Super. Ct.).

The bulk of Davis's Complaint concerns the alleged illegality of his conviction, probation violation, and the terms of incarceration associated with both. For example, Davis alleges that Judge Ellen Ceisler, who presided over his criminal case, violated his equal protection and due process rights by failing to dismiss his case for violation of various Pennsylvania rules and statutes, by exposing him to double jeopardy for giving him "multiple punishments for the same offense," and by issuing an illegal sentence and bench warrant. (Compl. at 7-9.) Davis alleges that Judge Frank Palumbo, who presided over Davis's violation of probation hearing and Post Conviction Relief Act ("PCRA") proceedings, abused his authority by revoking Davis's probation and issuing him an "illegal" and "excessive" sentence for his probation violation, engaged in "judicial misconduct" by falsifying facts, and exhibited "prejudice and bias" by not recusing himself from the PCRA proceedings. (<u>Id.</u> at 10-13.) Davis states that his probation was revoked for improper reasons. (<u>Id.</u> at 26.) In particular, he states the Judge Palumbo determined that he had violated his probation despite the "passing of a bill that legalized marijuana through the United States/Pennsylvania."[4] (<u>Id.</u> at 13.) He also alleges that the IRS is "engaging in illegal activity" by taxing stores that sell marijuana, an illegal substance. (<u>Id.</u> at 38.) Davis states that he had no hearing prior to the revocation of his probation in 2015, which violated his equal protection and due process rights. (<u>Id.</u> at 21.)

Davis also asserts claims in connection with his PCRA proceedings. Specifically, he states that Judge Scott DiClaudio violated his equal protection rights in September of 2023 by dismissing

---

[4] The public record reflects that Davis's probation was revoked in part because Davis had "given positive urinalysis for marijuana" on four tests. <u>Davis</u>, 2016 WL 5266562, at *1.

his PCRA petition without any response by the opposing party. (<u>Id.</u> at 6-17.) He states that David Rubenstein, the attorney assigned to represent him in the PCRA proceedings, "failed to perform his duties" because he did not advance the arguments Davis requested in support of the PCRA petition. (<u>Id.</u> at 18.)

Davis also appears to assert claims concerning his detention at four separate state prisons: SCI Graterford, SCI Camp Hill, SCI Rockview, and SCI Coal Township. (<u>Id.</u> at 23.) He alleges he was detained at these prisons at various times from March 2009 through August 2015. (<u>Id.</u>) He further alleges that while detained at these prisons, he was strip-searched, sent to the RHU "for non-RHU reasons," given baseless misconduct reports, and subjected to prison violence. (<u>Id.</u> at 24.) Davis states that he was paroled to DRC Guardenzia on April 11, 2014, after his sentence had expired. (<u>Id.</u> at 27.) Although it is not clear from the Complaint when exactly Davis's incarceration ended, in Davis's federal habeas corpus proceedings, the Court noted that Davis was released from the custody of the Pennsylvania Department of Corrections on June 3, 2017. <u>See</u> <u>Davis</u>, 2017 WL 6887003, at *1. Davis states in his Complaint that probation was complete on June 3, 2021. (Compl. at 27.) Based on these allegations, Davis seeks money damages. (<u>Id.</u> at 39.)

## II.    <u>STANDARD OF REVIEW</u>

I will grant Davis leave to proceed in forma pauperis because it appears he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that Davis's Complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v.</u>

Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678.

A court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017); Whitenight v. Cmwlth. of Pa. State Police, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) ("When screening a complaint under § 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). As Davis is proceeding pro se, I construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   **DISCUSSION**

Davis alleges violations of his due process and equal protection rights against Defendants in connection with his conviction, sentence, revocation of probation, and PCRA proceedings. I understand Davis to assert these constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, as set forth below, Davis's § 1983 claims are not cognizable in a civil rights action or are otherwise time-barred.

### A.    Heck-Barred Claims

When a plaintiff seeks damages in a civil rights lawsuit in connection with a prior criminal conviction or sentence, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Commonly referred to as the "Heck bar," see Wallace v. Kato, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims that would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in Heck applies to civil rights cases challenging parole and probation revocations. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (affirming district court's dismissal of the case because a finding for plaintiff on his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid).

The bulk of Davis's claims challenge his trial and convictions for firearms offenses, his alleged "illegal" and "excessive" sentence for those convictions, and his "illegal" and "excessive" sentence after violating his probation. These are precisely the types of claims that, if successful, would invalidate a conviction or sentence and necessarily imply their invalidity. See Williams v. Barkley, 616 F. App'x 484, 485 (3d Cir. 2015) (per curiam) (affirming dismissal of § 1983 claims based on argument that extension of original sentence after parole violation violated double jeopardy rights and stating that claims were barred under Heck); Garrett v. United States, 771 F. App'x 139, 140-41 (3d Cir. 2019) (per curiam) (affirming dismissal of § 1983 claim that "an excessive sentence was imposed based on an erroneous application of the sentencing guidelines" as barred by Heck); McKinney v. Pennsylvania Bd. of Prob. & Parole, 405 F. App'x. 646, 647 (3d Cir. 2010) (holding that the plaintiff's claims that he had been imprisoned beyond the maximum terms of his sentences for state convictions and parole violations and that the defendants violated his rights by failing to conduct a parole revocation or parole hearing and continued to detain him were barred by Heck "because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated"); Jackson v. Alt, 236 F. App'x 850, 851 (3d Cir. 2007) (per curiam) (affirming dismissal of Heck-barred § 1983 claims based on alleged due process and equal protection violations arising from issuance of a parole violator warrant).

Davis's convictions and sentences have not been reversed on appeal, vacated, or otherwise invalidated. Garrett v. Murphy, 17 F.4th 419, 429 (3d Cir. 2021) ("Heck is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Indeed, the dismissal of his most recent PCRA petition remains pending on appeal. Accordingly, Davis's

claims challenging his prosecution, conviction, violation of probation, and related imprisonments are not cognizable at this time.

### B.      Time-Barred Claims

To the extent Davis asserts other constitutional claims that do not imply the invalidity of his conviction or sentence, such as claims related to his confinement at the four Pennsylvania State Correctional Institutions, those claims are time-barred. A complaint is subject to dismissal on statute of limitations grounds when the limitations defense is "apparent on the face of the complaint." See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Davis's constitutional claims asserted under § 1983 are subject to a two-year statute of limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." Dique, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); see also Montanez v. Sec'y Pennsylvania Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

Based on the allegations in the Complaint, Davis knew or should have known of any possible constitutional injury based on the conditions of his confinement at the time he was subjected to the alleged harm while detained at SCI Rockview, SCI Camp Hill, SCI Graterford, and SCI Coal Township. Although Davis is vague about the time periods during which he was detained at these four prisons—he provides some relevant dates in 2009, 2014, and 2015—it is

apparent from his Complaint that his probation was complete on June 3, 2021, so he could not have been incarcerated beyond that point. (Compl. at 27.) Further, the public record makes clear that he was released from the custody of the Department of Corrections on June 3, 2017. Davis, 2017 WL 6887003, at *1 ("On June 3, 2017, while this Petition was pending, Petitioner was released from custody of the Pennsylvania Department of Corrections."). Thus, the very latest Davis's non-Heck barred claims could have accrued was in June of 2017, which is six and a half years before he filed the Complaint in this case on December 4, 2023. See Giles v. City of Philadelphia, 542 F. App'x 121, 123 (3d Cir. 2013) (stating that "a federal cause of action accrues upon awareness of injury, not upon awareness of a potential legal theory or cause of action"); see also Schmidt, 770 F.3d at 249 (matters of public record may be considered in resolving statute of limitations issues at dismissal stage of litigation). Even assuming that he was thereafter detained again—which he does not say in his Complaint—he would have to have been released by the date his sentence terminated, on June 3, 2021, which is more than two years before he filed this lawsuit. Any possible constitutional claims Davis may have about the conditions of his confinement at the state correctional institutions are therefore barred by the two-year statute of limitations for these claims.[5]

### C.    Claims Based on the Taxation of Marijuana Sales

Davis appears to bring claims against the IRS and other Defendants based on alleged taxation of commercial marijuana sales, both statewide and nationally. While he cites to no constitutional or statutory basis for his claim, Davis takes issue with governmental taxation of marijuana in light of the fact that it is Schedule I controlled substance. (Compl. at 34-35, 38.)

---

[5] The only allegations in the Complaint that appear to occur after he was released from the DOC relate to his PCRA proceedings and are thus Heck-barred.

9

Davis's allegations are too vague and generalized to establish that he has standing to assert these claims. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. Sprint Comm'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Id. The plaintiff bears the burden of establishing standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). To establish standing, a plaintiff must show three elements: that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). As to the first element, the injury "must be concrete, particularized, and actual or imminent." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).

Davis merely describes his generalized grievance with the government's taxation of marijuana sales. This is insufficient to show that he has suffered a concrete and particularized injury and is thus insufficient to establish standing. See Lance v. Coffman, 549 U.S. 437, 439 (2007) (per curiam) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (quotation marks omitted)); Kennedy v. Pennsylvania, 774 F. App'x 755, 756 (3d Cir. 2019) (per curiam) (affirming dismissal of complaint pursuant to § 1915(e)(2)(B) because "Kennedy has not explained why he believes that the [challenged] statute is unconstitutional, or how the existence of the statute has harmed him in any way"). Davis does not allege why the taxation of marijuana has harmed him in any way. He therefore lacks standing to assert claims based on the alleged taxation of marijuana.

**IV.**     **CONCLUSION**

For the foregoing reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint. Davis's <u>Heck</u>-barred claims will be dismissed without prejudice to him filing a new civil rights complaint only in the event his convictions or sentences are reversed, vacated, or otherwise invalidated. <u>See</u> <u>Curry v. Yachera</u>, 835 F.3d 373, 379 (3d Cir. 2016). Davis's claims based on the taxation of marijuana will be dismissed without prejudice for lack of subject matter jurisdiction. <u>See</u> <u>Schaller v. United States Soc. Sec. Admin.</u>, 844 F. App'x 566, 573 (3d Cir. 2021). The balance of Davis's Complaint will be dismissed with prejudice because Davis cannot cure the defects in his time-barred claims. Leave to amend will not be given because amendment would be futile. An appropriate Order follows, dismissing this case.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**